IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**ALFREDO PINERO PEREORA, M.D.,**
    **Plaintiff,**

    v.

**STATE INSURANCE FUND CORPORATION OF THE COMMONWEALTH OF PUERTO RICO, et al.,**
    **Defendants.**

Civil Action No. 09-2128 (GAG)

**MEMORANDUM OPINION AND ORDER**

Plaintiff in this matter, Alfredo Pinero, M.D. ("Plaintiff"), brought this action seeking redress for alleged acts of discrimination based on his political affiliation, pursuant to 42 U.S.C. § 1983. The claims are brought against his former employer, the State Insurance Fund Corporation of the Commonwealth of Puerto Rico ("SIF"), as well as Zoime Alvarez Rubio; Darwin Marrero Arroyo, M.D.; Jorge Garcia Ortiz; and Jaime Cruz Rivera, M.D., all of whom act in supervisory roles at the SIF.

This matter is currently before the court on co-defendant's motion to dismiss (Docket No. 26). The motion was timely opposed by Plaintiff (Docket No. 29). After reviewing the pleadings and pertinent law, the court **GRANTS** co-defendants' motion to dismiss and **DISMISSES** Plaintiff's claims with prejudice.

**I.   Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In so doing, the court accepts as true all well-pleaded facts and draws all

**Civil No. 09-2128 (GAG)**                2

reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their judicial experience and common sense. Id. at 1949-50 (citing Twombly, 550 U.S. at 555-56). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Iqbal 129 S. Ct. at 1950.

**II.     Discussion**

In order to establish a claim of political discrimination, a plaintiff initially bears the burden of showing that he or she engaged in constitutionally protected conduct and that political affiliation was a substantial or motivating factor behind the challenged employment action. Gonzalez-de-Blasini v. Family Dept., 377 F.3d 81, 85 (1st Cir. 2004) (citing Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)); Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 47 (1st Cir. 2004)). To establish a *prima facie* case, the plaintiff must show, or (for the purposes of Rule 8(a)(2)) properly plead, that (1) the plaintiff and the defendant belong to opposing political affiliations, (2) the defendant has knowledge of the plaintiff's affiliation, (3) a challenged employment action occurred, and (4) political affiliation was a substantial or motivating factor behind the challenged employment action. Martin-Velez v. Rey-Hernandez, 506 F.3d 32, 39 (1st Cir. 2007) (citing Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006) (quoting Gonzalez-

**Civil No. 09-2128 (GAG)**                                    3

Blasini, 377 F.3d at 85-86)).

In his complaint, Plaintiff alleges that he "suffered political discrimination and harassment while under professional contract with the SIF. . . which culminated in the unexpected rescission of his professional services contract on June 1, 2009." (See Docket No. 23 at 7-8 ¶ 4.13.)  In order to sufficiently allege this charge, Plaintiff must demonstrate each of the four factors previously discussed.  See Martin-Velez v. Rey-Hernandez, 506 F.3d at 39.  The court finds that Plaintiff has failed to allege sufficient facts to demonstrate factors one, two, and four of a *prima facie* case of political discrimination.

With regard to the first factor, Plaintiff's allegations rely solely upon conclusory statements, to the effect that each of the co-defendants were members of the New Progressive Party.  (See Docket No. 23 at 4-5 ¶ 3.6, 3.8, 3.10, 3.12.)  Plaintiff fails to allege any factual basis demonstrating the reasons for his knowledge of the co-defendants' political affiliation.  Such "threadbare recitals of the elements of a cause of action" are insufficient to meet the pleading requirements under Iqbal.  Id., 129 S.Ct. at 1949.

Plaintiff also fails to plead sufficient factual allegations to satisfy the second prong of the *prima facie* case.  Among his allegations, Plaintiff describes a conversation he had with Cruz during the late 1900's and early 2000's in which he identified himself as a member of the PDP.  This conversation, which took place at least a decade ago, is alone insufficient to demonstrate the co-defendants' knowledge of Plaintiff's current political affiliation.  Other than this allegation, the only other claim regarding the individual co-defendants' knowledge of Plaintiff's political affiliation consists of a conclusory statement in which Plaintiff alleges that "Alvarez, Marrero, Garcia, and Cruz knew Pinero was a member of the PDP." (See Docket No. 23 at 5 ¶ 3.13).  This allegation suffers from the same deficiency as previously discussed under the first prong.  In both instances, Plaintiff has failed to proffer a sufficient factual basis for the court to infer that the co-defendants were aware of his political affiliation.  See River-Feliciano v. State Ins. Fund Corp., 652 F. Supp. 2d 170, 186 (D.P.R. 2009) (plaintiff's general allegation that he is an active member of [a political

**Civil No. 09-2128 (GAG)**                                            4

party] and that his affiliation is well known by the defendants . . . simply will not do."). See also Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

      Finally, Plaintiff's allegations are insufficient to demonstrate that his political affiliation was a substantial or motivating factor behind the cancellation of his service contract. In his sole allegation demonstrating this point, Plaintiff describes a conversation between himself and co-defendant Cruz in which he speculated that a decision to cancel a scheduled meeting regarding his contract was done so because of his affiliation to the Popular Democratic Party. Plaintiff alleges that in response to this insinuation Cruz replied, "I am not going to answer that." (See Docket No. 23 at 7-8 ¶ 4.13). This allegation is insufficient to demonstrate discriminatory intent on behalf of Cruz, let alone satisfy the pleading requirements with regard to the intent of the other co-defendants. See River-Feliciano, 652 F. Supp. 2d. 170, 187 (recognizing plaintiff's allegations as "too generic" when failing to "reference to specific acts by the individual defendants to tie them to any wrongdoing."); See also Rodriguez-Ramos v. Hernandez-Gregorat, 660 F. Supp. 2d 220, 227 (D.P.R. 2009) (quoting Padilla-García v. Guillermo Rodríguez, 212 F.3d 69, 74 (1st Cir.2000) (dismissing political discrimination claim and recognizing that "[d]emonstrating political animus 'requires more than merely juxtaposing a protected characteristic-someone else's politics-with the fact that [the] plaintiff was treated unfairly.'")). Here, because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not 'show[n]'– 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Therefore, Plaintiff has failed to sufficiently demonstrate that the decision to terminate his services contract was motivated by political animus.

      Under the Iqbal standard, Plaintiff has failed to sufficiently plead three of the four necessary components of a successful political discrimination claim. Therefore, the court **GRANTS** the co-defendants motion to dismiss and **DISMISSES** Plaintiff's claims with prejudice.

**Civil No. 09-2128 (GAG)**                               5

**SO ORDERED.**

    In San Juan, Puerto Rico this 19th day of May, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge